IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHAN BURGESS,

    Plaintiff.

  v.

RENEE DUNCAN, et al.,

    Defendants.

No. C 05-2604 SBA

**ORDER**

This matter comes before the Court on Plaintiff Nathan Burgess's[1] ("Plaintiff") application to proceed *in forma pauperis* ("IFP") and complaint. Having read and considered the papers submitted by Plaintiff, and being fully informed, the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's IFP application and DISMISSES Plaintiff's complaint with leave to amend.

## BACKGROUND

**A.    Factual Background[2]**

In the spring of 2003 Plaintiff attempted to renew his parking permit with Defendant San Francisco Parking Department ("SFPD"). Plaintiff contends his application was rejected though he was qualified to receive the renewal. In addition to "wrongful detention" of his property, and discrimination by the SFPD on the basis of his disability, Plaintiff also alleges he suffered a "stroke" caused by the SFPD's use of a "sureillance [*sic*] tracking device."

**B.    Procedural History**

On June 27, 2005 Plaintiff filed a pro se complaint together with an IFP application.

---

[1] Plaintiff's name is spelled two different ways in the complaint, "Burgess" and "Burgress." The spelling used herein is that used in the signature block of the complaint.

[2] The following facts are taken from Plaintiff's complaint.

**LEGAL STANDARD**

Federal courts must review a case filed *in forma pauperis* prior to service of process. 28 U.S.C. § 1915(e). An *in forma pauperis* complaint shall be dismissed if the allegation of poverty is not true, or if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Depot*, 901 F.2d 696, 699 (9th Cir. 1988). However, when reviewing a complaint, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). If a plaintiff's complaint is found to be deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**DISCUSSION**

**A.     The IFP Application**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). Thus, to obtain this privilege, a plaintiff must demonstrate, to the Court's satisfaction, his inability to pay the requisite fees and costs. *Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). The facts concerning his poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has discretion to make a factual inquiry into the plaintiff's financial status and to deny his request to proceed *in forma pauperis* where he is unable or unwilling to verify his poverty. *Id.* If the Court determines that a plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's IFP application is too unclear to permit this Court to make a sound determination

regarding Plaintiff's allegations of poverty. In his IFP application, Plaintiff answered that he is not currently employed, but he specified a salary that he receives as gross income, per month. Compounding this Court's confusion, Plaintiff failed to completely and consistently answer this question in that, if it is accurate that he is not currently employed, he neither provided the date of his last employment nor any salary information regarding that job. Additionally, the amount Plaintiff indicated he received in gross income from current employment is illegible and has no decimals or commas, rendering the exact amount unclear. *See* IFP App. ¶ 1.

Plaintiff answered yes to the question of whether in the past twelve months he had received "Federal or State welfare payments, Social Security or other governmental source," but failed to specify the exact source of that money, and the amount that he received from that source. *Id.*, ¶ 2. Plaintiff indicated that he is married and that his wife is currently employed, but failed to specify his wife's gross and net monthly salary. *Id.*, ¶ 3. Plaintiff indicated that he owns an automobile, that it is financed and that he owes $3,700, but failed to specify his monthly payment on the car. *Id.*, ¶ 6. Lastly, Plaintiff failed to indicate whether or not he had any other debts not already included in the IFP application. *Id.*, ¶ 9.

In light of the above ambiguities and lack of information, this Court cannot properly decide whether Plaintiff's allegations of poverty are true or not. Consequently, the Court DENIES WITHOUT PREJUDICE Plaintiff's IFP application in order to permit Plaintiff the opportunity to file a more complete and accurate IFP application that, at least, addresses the concerns raised by the Court above.

**B.     Plaintiff's Complaint**

Though difficult to discern due to the brevity and disjointed nature of Plaintiff's complaint, Plaintiff appears to allege the following federal causes of action against defendants Renee Duncan, Bank of America, the San Francisco Department of Parking and Does 1 to 28: (1) violations of 42 U.S.C. § 1981; (2) violations of 42 U.S.C. § 1985; (3) violation of 42 U.S.C. § 1983(d); (4) violations of 18 U.S.C. §§ 241 and 242;  and (4) violation of 28 U.S.C. § 1738.  However, in light of Plaintiff's failure to provide any of the underlying factual bases for these alleged violations, his complaint does not establish a claim under any of these federal statutory provisions.

    **1.     42 U.S.C. § 1981(a), (c)**

42 U.S.C. § 1981 states in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. To state a claim under 42 U.S.C. § 1981, plaintiff must plead the facts that demonstrate the defendant intentionally discriminated against him on the basis of his race. *Stones v. Los Angeles Community College Dist.*, 796 F.2d 270, 272 (9th Cir. 1986) (citing *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982)). Conclusory and unsupported allegations of discrimination are insufficient to state a section 1981 claim. *See King v. State of Cal.*, 784 F.2d 910, 916 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987).

In the instant case, the complaint fails to allege any facts to support plaintiff's contention that any of the defendants refused to renew the parking permit because of plaintiff's race. *See Coyne v. City of Somerville*, 972 F.2d 440, 444 (1st Cir. 1992) (noting that plaintiffs "may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus.") (citations omitted). Nowhere does Plaintiff provide an explanation as to the basis of his belief that he was discriminated against, nor any detail as to statements or conduct on the part of the defendants save the denial of his application. Accordingly, Plaintiff has not stated a claim under 42 U.S.C. § 1981(a) or (c). The Court hereby dismisses this claim without prejudice, allowing the Plaintiff the opportunity to file an amended complaint to include the above information.

**2.    42 U.S.C. § 1985**[3]

Subpart section (3) of 42 U.S.C. § 1985 states, in relevant part:

> If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal

---

[3] Although Plaintiff alleges violations of subpart sections (1), (2) and (3) of 42 U.S.C. § 1985, his complaint only refers to Plaintiff's inability to renew his parking permit due to discrimination on the part of the defendants. The complaint says nothing regarding the discharge of a public officer's duties, nor the intimidation of a party, witness or juror. 42 U.S.C. § 1985(1)-(2). It is possible, though unclear, that Plaintiff intended to refer to the SFPD's failure to process his parking permit renewal application as a violation of subpart section (1), the violation being a public officer (of the SFPD) was unable to properly discharge his duties. However, this is pure speculation as the complaint is sparsely worded. If Plaintiff intends to allege violations of these subpart sections, he must provide the supporting facts.

United States District Court
For the Northern District of California

> protection of the laws ... the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). This statute has been construed to require a racially or otherwise "invidiously discriminatory animus" behind the conspirator's action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted). Additionally, to establish defendants' liability for a conspiracy, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999). "The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage." *Id.* The agreement need not be overt and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. *See id.* "'A mere allegation of conspiracy without factual specificity is insufficient.'" *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988)).

Plaintiff's complaint not only fails to allege a conspiracy between two or more parties, but does not even describe any particular action on the part of the defendants. In fact, the SFPD is the only defendant specifically identified in the complaint as having committed any cognizable harm to Plaintiff. The Court thereby dismisses this claim without prejudice, permitting the Plaintiff to file an amended complaint to include the above requisite facts.

### 3. 42 U.S.C. § 1983

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and law' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting, 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff merely alleges that he was "denied the benefits of the services of a public entity."

1  Plaintiff does not explain how or why the denial of his renewal application was improper, much less a
2  violation of his constitutional rights.   Again, Plaintiff makes no mention of any conduct of the
3  defendants other than the SFPD.  Accordingly, the Court dismisses this claim with leave to amend so
4  that Plaintiff may file a more complete statement of events and facts supporting his allegations of
5  discrimination.

### 4.  18 U.S.C. § § 241 & 242

Plaintiff seeks criminal prosecution of the named defendants pursuant to 18 U.S.C. § § 241 and 242.  These statutes do not, however, provide a private right of action and cannot form the basis for a civil suit.  *Aldabe*, 616 F.2d at 1092.  Further, the decisions of whether to prosecute and what charge to file or bring are decisions that generally rest in the prosecutor's discretion.  *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of inmates' federal civil rights is under the discretion of United States Attorney).  Accordingly, these claims are DISMISSED WITH PREJUDICE.

### 5.  28 U.S.C. § 1738

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *International Evangelical Church v. Church of the Soldiers*, 54 F.3d 587, 590 (9th Cir. 1995).  Thus, a civil rights action may therefore be dismissed as barred by res judicata, for example, where a prior California state court rendered a valid judgment on the merits in favor of a defendant. *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir. 1986) (citing *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1976)), cert. denied, 476 U.S. 1182 (1986).

It is unclear what relevance this statute has to Plaintiff's claims of discrimination. Though there is indication that Plaintiff's claims might have previously been raised in another forum, the complaint is simply too brief and confused to determine whether this is in fact so and where the Plaintiff might have filed this previous complaint.  Consequently, the Court dismisses this claim without prejudice to allow the Plaintiff an opportunity to file an amended complaint that would more clearly state the reasons

and facts in support of this claim.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's IFP application is DENIED WITHOUT PREJUDICE and Plaintiff's complaint is DISMISSED. Plaintiff is granted leave to file another IFP application and an amended complaint in accordance with this Order. **If Plaintiff files another IFP application he must ensure that he answers all the questions, and all subparts of the questions, completely and accurately. Namely, Plaintiff must specify in his IFP application if he is employed, his current and/or former salary information, his wife's salary information if applicable, his car payments, and the nature and amount of any monthly income he receives. Additionally, if Plaintiff chooses to file an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. Plaintiff may not, for example, allege in summary fashion that he was discriminated against because his permit application was denied; rather, he must allege not only that the denial occurred, but also offer facts that establish that the denial violated federal law. Plaintiff must file an amended complaint within thirty (30) days of the date of this order. Plaintiff is expressly warned that failure to file an amended complaint that complies with this Order within the allotted time period shall constitute sufficient grounds to support a finding that further leave to amend would be futile, and Plaintiff's complaint will be dismissed with prejudice.**

IT IS SO ORDERED.

*Saundra B. Armstrong*

Dated: August 22, 2005

SAUNDRA BROWN ARMSTRONG
United States District Judge